I am in agreement with the majority of the Court of Criminal Appeals that the officer in question was "engaged in the active discharge of his lawful duty or duties" for purposes of Title 14, section 374 (20), Code of Alabama 1940 (§ 13-1-42, Code 1975), and therefore respectfully dissent.
Police officers are empowered by statute to "arrest any person without warrant, on any day and at any time, for any public offense committed or a breach of the peace threatened in his presence, . . ." Tit. 15, § 154, Code of Alabama 1940 (§15-10-3, Code 1975). Therefore, the fact that a police officer is off-duty from his regular police assignments does not necessarily foreclose application of Title 14, section 374 (20). Furthermore, the Manual of Rules and Regulations of the Department of Police of the City of Birmingham recognizes off-duty, or "outside policing activity," as regular police work.
Officer Jones was called to duty when informed of a fight occurring outside the bank. He answered that call to duty by leaving his post and investigating the matter. The alleged assault occurred on a public street, not inside the bank where he was employed off-duty. I would hold that his investigation of this disturbance placed Officer Jones in active discharge of his lawful duty as a policeman. At least when the pistol was pointed at him and misfired, his subsequent pursuit to apprehend the defendant was surely in the active discharge of his lawful duty. To hold otherwise could seriously impede the actions of off-duty law enforcement officers when it is a matter of common knowledge that crimes are investigated, laws are enforced and arrests are made by police officers at times when they are technically "off-duty."